DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP,<br><br>             Plaintiff,<br><br>             v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, OFFICE OF THE INSPECTOR GENERAL OF THE DEPARTMENT OF HOMELAND SECURITY,<br><br>             Defendants. | 22 Civ. 873 (NRB)<br><br>**ANSWER** |

Defendants United States Department of Homeland Security ("DHS") and Office of Inspector General, United States Department of Homeland Security ("DHS-OIG") (collectively, "Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, answers the complaint filed February 1, 2022, by plaintiff Emery Celli Brinckerhoff Abady Ward & Maazel LLP ("Plaintiff"), upon information and belief as follows:

      1.      Paragraph 1 of the complaint consists of a characterization of the action to which no response is required.

      2.      Paragraph 2 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required,

and Defendants respectfully refer the Court to the referenced press release for its true and complete contents.

3. The first sentence of paragraph 3 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3 of the complaint, except admit that DHS-OIG received a FOIA request from Plaintiff dated September 22, 2021 (the "Request"), and respectfully refer the Court to the referenced document for its true and complete contents.

4. Deny the allegation that DHS-OIG "failed to respond to the Request" in the first sentence of paragraph 4 of the complaint; the remainder of the first sentence consists of a legal conclusion to which no response is required. With respect to the second sentence of paragraph 4 of the complaint, admit that DHS-OIG sent Plaintiff a letter dated September 24, 2021, deny the remainder of the allegations in the second sentence, respectfully refer the Court to the referenced letter for its true and complete contents, and aver that DHS-OIG made its first interim production to Plaintiff on March 7, 2022.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Paragraph 6 of the complaint consists of legal conclusions to which no response is required.

7. Paragraph 7 of the complaint consists of legal conclusions to which no response is required.

8. Paragraph 8 of the complaint consists of legal conclusions to which no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Admit the allegations in the first sentence of paragraph 10 of the complaint. With respect to the second sentence of paragraph 10 of the complaint, avers that the Request was addressed only to DHS-OIG and not any other component of DHS, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegation to the extent that it alleges possession by DHS other than by DHS-OIG, and further aver that to the extent any defendant has possession and control of the records Plaintiff seeks, some or all of the records are exempt, in whole or in part, from disclosure under FOIA.

11. Deny the allegations in paragraph 11 of the complaint, and aver that DHS-OIG is a component agency within DHS, and further aver that to the extent that DHS-OIG has possession and control of the records Plaintiff seeks, some or all of the records are exempt, in whole or in part, from disclosure under FOIA.

12. Deny the allegations in paragraph 12 of the complaint, and aver that United States Customs and Border Protection ("CBP") is a component within DHS that is neither a named defendant in this case nor the addressee of the Request.

13. Paragraph 13 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required, and Defendants respectfully refer the Court to the referenced court decision and press article for their true and complete contents.

14. Paragraph 14 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required,

and Defendants respectfully refer the Court to the referenced documents for their true and complete contents.

15. Paragraph 15 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

16. Paragraph 16 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

17. Paragraph 17 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

18. Paragraph 18 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

19. Paragraph 19 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

20. Paragraph 20 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

21. Paragraph 21 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

22. Paragraph 22 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

23. Paragraph 23 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

24. Paragraph 24 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

25. Paragraph 25 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

26. Paragraph 26 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

27. Paragraph 27 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required. Defendants aver that CBP is neither a named defendant in this case nor the addressee of the Request.

28. Paragraph 28 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

29. Paragraph 29 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

30. Paragraph 30 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

31. Paragraph 31 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required.

32. Paragraph 32 of the complaint consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA to which no response is required, and Defendants respectfully refer the Court to the referenced document for its true and complete contents.

33. Deny the allegations in paragraph 33 of the complaint and aver that DHS-OIG was established by Congress in 2002 and DHS-OIG is governed by, among other statutes, the Inspector General Act of 1978.

34. Deny the allegations in paragraph 34 of the complaint.

35. Admit the allegations in paragraph 35 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

36. Admit the allegations in paragraph 36 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

37. Admit the allegations in paragraph 37 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

38. Paragraph 38 of the complaint consists of legal conclusions to which no response is required.

39. Admit the allegations in paragraph 39 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

40. Admit the allegations in paragraph 40 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

41. Admit the allegations in paragraph 41 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

42. Admit the allegations in paragraph 42 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

43. Admit the allegations in paragraph 43 of the complaint, and respectfully refer the Court to the referenced document for its true and complete contents.

44. Admit that on October 15, 2021, Ananda V. Burra of Plaintiff sent an email to foia.oig@oig.dhs.gov, and respectfully refer the Court to the referenced document for its true and complete contents. Admit that DHS-OIG did not respond to this email prior to November 4, 2021.

45. Admit that on November 4, 2021, Ananda V. Burra of Plaintiff sent an email to foia.oig@oig.dhs.gov, and respectfully refer the Court to the referenced document for its true and complete contents. Admit that DHS-OIG did not respond to this email prior to November 17, 2021.

46. Admit that on November 17, 2021, Ananda V. Burra of Plaintiff sent an email to foia.oig@oig.dhs.gov, and respectfully refer the Court to the referenced document for its true and complete contents. Deny that DHS-OIG did not respond to this email, and aver that DHS-OIG responded to this email on March 7, 2022, with its first interim production to Plaintiff.

47. Paragraph 47 of the complaint consists of a legal conclusion to which no response is required.

48. Paragraph 48 of the complaint consists of legal conclusions to which no response is required.

49. Paragraph 49 of the complaint consists of legal conclusions to which no response is required. To the extent a response is required, deny the allegations.

50. Paragraph 50 of the complaint consists of a legal conclusion to which no response is required.

51. Deny the allegations in paragraph 51 of the complaint, and aver that DHS-OIG made its first interim production to Plaintiff on March 7, 2022.

52. Paragraph 52 of the complaint consists of a legal conclusion to which no response is required.

53. Defendants repeat, restate, and incorporate the foregoing paragraphs as if set forth fully herein.

54. Paragraph 54 of the complaint consists of legal conclusions to which no response is required.

55. Paragraph 55 of the complaint consists of legal conclusions to which no response is required.

56. Paragraph 56 of the complaint consists of legal conclusions to which no response is required. To the extent a response is required, deny the allegations.

## PRAYER FOR RELIEF

57. The unnumbered paragraph beginning with "WHEREFORE" on page 10 of the complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the requested relief or any relief.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing this action.

### THIRD DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions, 5 U.S.C. § 552(b).

### FOURTH DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority.

### FIFTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

### SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief, 5 U.S.C. § 552(a)(4)(B).

### SEVENTH DEFENSE

Some or all of the relief sought by Plaintiff is barred by the Privacy Act, 5 U.S.C. § 552a.

### EIGHTH DEFENSE

To the extent that Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist, Defendants should be allowed additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

### NINTH DEFENSE

Defendants assert that they have, or may have, additional affirmative defenses which are not known to Defendants at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

WHEREFORE, Defendants respectfully requests this Court to dismiss the Complaint with prejudice, enter judgment in favor of Defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: New York, New York
March 7, 2022

                    DAMIAN WILLIAMS
                    United States Attorney for the
                    Southern District of New York
                    *Attorney for Defendants*

By:   s/ Anthony J. Sun
        ANTHONY J. SUN
        Assistant United States Attorney
        86 Chambers St., 3rd Floor
        New York, New York  10007
        (212) 637-2810
        anthony.sun@usdoj.gov

To:    Katherine Rosenfeld (by ECF)
       Ananda V. Burra
       *Attorneys for Plaintiff*

10